Samuel Bevan
vs.
Ralph Comstock

No. 56721

May 6, 1926

CARPENTER, J. The above case was tried at Woonsocket on the 13th of May, 1925, and was an action brought by the plaintiff against the defendant to recover for injuries alleged to have been received in February, 1923.

The plaintiff alleged and offered evidence to prove that about 11 o'clock on Saturday night, February 24, 1923, he was assaulted by the defendant and, as a result of the assault, he suffered serious injuries. The jury returned a verdict for the plaintiff in the sum of $800. Thereupon, the defendant, on the 18th of May, 1925, filed a motion for a new trial, which motion was heard on January 16, 1926.

The motion for a new trial alleged:

1. The verdict is contrary to the evidence and the weight thereof.

2. The verdict is against the law.

3. The verdict is against the law and the evidence.

4. The verdict was a compromise verdict and does not respond to the circumstances of the case as shown by the evidence.

The plaintiff testified in substance that on the night in question he returned to the Home Boarding House, where he roomed. The Home Boarding House is owned and run by the defendant's grandfather, and the defendant is employed there; that on the night in question he went into the hallway and upstairs, and at the top

of the stairs, or near the top, he was met by the defendant, who said: "Where the hell are you going?" The plaintiff answered, "I am going to my room," and the defendant thereupon said, "You are like hell." To this the plaintiff replied, "I am."

After this conversation the defendant struck the plaintiff and knocked him downstairs. The defendant then went downstairs and raised up the plaintiff, hit him in the mouth and knocked out three teeth, and thereupon threw the plaintiff out the door, where he testified he remained, unable to rise, until one o'clock or after. As a result of the assault, the plaintiff's leg was broken three or four inches above the ankle, both bones being broken.

The defendant testified that on the night in question, between 11 and 11:30, he was sitting in the office of the Home Boarding House with his grandfather, Mr. Walter H. Comstock, when a Mr. Harding came in and told him there was a man lying in the door of the annex, and there were a few people gathering around; that he and his grandfather went to the door and found the plaintiff lying over the threshold of the door; that there was with him a man by the name of Charles Lindstrom, together with some other man; that on the advice of his grandfather he threatened to call the police, when the two friends of the plaintiff picked him up and carried him away. He testified that the plaintiff was under the influence of liquor, and afterwards, about 1 o'clock, he saw the plaintiff lying in the street. He then called the police station, and the police came and took him away.

The plaintiff's story was not corroborated by any other witness, but the defendant's story was corroborated by several, and in particular by one witness, Wilfred Girard, who impressed the court as being a disinterested, truthful witness. This witness testified he was a roomer at the Home Boarding House, and roomed in a room at the top of the stairs, where the plaintiff claims to have been assaulted; that he was in his room on the night in question and saw the plaintiff at the bottom of the stairs, lying on the stairway, and that previous to seeing him lying at the foot of the stairs, he heard no commotion or noise. He also testified that Charles Lindstrom was with the plaintiff and was trying to bring the plaintiff up the stairs and that he saw Mr. Comstock take the plaintiff by the arm and put him outside. He testified that the plaintiff was under the influence of liquor.

It appeared from the evidence that the plaintiff was a somewhat dissolute character, and on the night in question, by his own evidence, it was shown that he had visited several saloons, and had had several drinks of whiskey, and there was no question in the court's mind but that he was intoxicated at the time he went to the Home Boarding House.

The plaintiff also testified that he was lying in Fountain street from 11 o'clock until 1 o'clock in the morning before he was discovered. It appeared that Fountain street is a much traveled thoroughfare, that the night in question was a cold night, that there was snow on the ground, and that it was then snowing, and the court does not believe that the plaintiff could have been lying on Fountain street for the time he says without being discovered.

There is no question but what the plaintiff was seriously injured, but there is considerable question in the court's mind as to whether or not he received the injuries as he says he received them, and at the place he says he received them. The court also feels that the jury were not justified in returning

a verdict for the plaintiff, that the verdict was against the evidence and the weight thereof, and that substantial justice has not been done.

Motion for new trial granted.

For Plaintiff: John R. Higgins.

For Defendant: Greene, Kennedy & Greene.